COOPERATIVA COSECHEROS DE CAFÉ DE PUERTO RICO, Plaintiff and Appellant, *v.* TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 9579. Argued June 3, 1948.—Decided July 21, 1948.

*Erasto Arjona Siaca* for appellant. *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

On March 29, 1943, the Treasurer of Puerto Rico required Cooperativa de Cosecheros de Café de Puerto Rico to pay the sum of $2,321.88 as a special tax levied pursuant to Act No. 145 of May 11, 1939, (Sess. Laws, p. 702), which provides:

"Section 3.—The Treasurer of Puerto Rico is hereby authorized and directed to levy and collect, from and after the 1939–40 crop, and in succeeding years, a special tax of one and one-half (1½) cents on each pound of raw coffee sold for consumption in Puerto Rico; *Provided,* That such tax may be collected once only each year at the moment of making the first sale, and by 'first sale' shall be understood the sale made by the coffee grower to any merchant, dealer, handler, cooperative association, coffee roaster, or any other natural or artificial person; . . . *And provided, further,* That *the purchaser* shall be subject to the payment of such tax to the Treasurer of Puerto Rico in the manner prescribed by the Treasurer in the regulations he shall promulgate for the purpose. The tax hereinabove levied shall be considered as a preferred lien on any personal or real property owned by *the purchaser of the coffee.*" (Italics ours.)

The complaint filed by said cooperative alleged, as a first cause of action, that the tax was levied on 100,000 pounds of coffee sold by the plaintiff to F. Rengel & Co., of Ponce, and on all the coffee which the plaintiff had on hand, derived from the crops preceding that of 1939–40; that in opposition to the demand made by the Treasurer the plaintiff had set up that the Treasurer lacked power to demand payment from it, as it had received the coffee supply on hand from farmers who were members of the cooperative, as a deposit, to be processed and sold; and, lastly, that said coffee supply was sold by the plaintiff cooperative to several purchasers, who are bound to pay the tax of 1½ cents per pound.

As a second cause of action, it alleged that the Treasurer levied and collected on the raw coffee supply correspond-

ing to the crop of 1938–39, the tax of ¼ of a cent per pound fixed by Act No. 116 of May 15, 1936, (Sess. Laws, p. 678), such a collection amounting to $412.16 on 164,860 pounds sold in Puerto Rico; and that the present attempt to collect on that same stock the tax of 1½ cents per pound, established by Act No. 145 of May 11, 1939, constitutes a step toward the levy of a double tax on the same specific subject which, if carried out, would constitute an arbitrary deprivation of plaintiff's property without due process of law.

As a third cause of action, it alleged that on August 21, 1939, the Treasurer of Puerto Rico, by circular letter No. 15, 1939–1940 series, informed the interested taxpayers that in accordance with his construction of Act No. 145 of May 1939, the tax of 1½ cents per pound was applicable only to the coffee crops for 1939 and succeeding years and not to the 1938 coffee crop; that in accordance with that official construction, the raw coffee for consumption in Puerto Rico was sold bearing in mind two different rates of taxation, that is, ¼ of a cent per pound on the 1938 coffee and 1½ cents per pound on the 1939 coffee; and that the taxpayers had entered into contracts of purchase and sale relying on the official construction of the Treasurer. The plaintiff alleged that the defendant was estopped to change his construction with retroactive effect, so as to collect the tax of 1½ cents per pound on raw coffee pertaining to the 1938 crop.

As a fourth cause of action, the complaint alleged that the above-mentioned Acts No. 116 of May 15, 1936, No. 145 of May 11, 1939, and No. 157 of May 8, 1940, (Sess. Laws, p. 932), all of which were enacted for the benefit of the coffee growers of Puerto Rico and not to provide revenue or income for the Insular Treasury, were repealed by Act No. 17 of November 27, 1942, (Sess. Laws, p. 320), and that, therefore, the purposes to which the proceeds of the tax were to be devoted were abrogated; and that such abrogation operated to cancel and remit all the taxes pending collection, since the repealing Act did not contain any saving clause

permitting the collection of the taxes levied by virtue of the repealed Acts.

The plaintiff prayed for a judgment decreeing that the demand for payment made by the Treasurer is unlawful and improper; that the Treasurer should refrain from continuing the administrative proceedings to compel the plaintiff to pay the sum claimed; and that the plaintiff is not bound to pay any amount as taxes on raw coffee sold for consumption in Puerto Rico.

The defendant set up grounds of demurrer to the complaint (a) that the court lacked jurisdiction of the person of the defendant or of the subject matter in controversy; and (b) that the complaint did not state facts sufficient to constitute a cause of action.

The complaint was dismissed, with costs against the plaintiff, and the latter has appealed. It bases its appeal on eight assignments of error.

1. In the first assignment it is urged that the court erred in characterizing the action as one for injunction or for a declaratory judgment, ignoring "its true essence and nature as an ordinary action, which seeks a declaration of right by a competent court in favor of the plaintiff and against the arbitrary and void act of the defendant."

The reasoning of the lower court was, in brief, as follows:

"The action instituted by the plaintiff may be considered as one for a declaratory judgment, pursuant to the provisions of the Uniform Declaratory Judgment Act, or as a regular suit for injunction to restrain the Treasurer from collecting the tax. Neither of those actions is proper. For either of them to lie it would be necessary that the plaintiff should have the status of a taxpayer in respect of the tax sought to be collected; and, further, that the plaintiff should have no other adequate legal remedy for the protection of its right. The plaintiff alleges that it is not bound to pay the tax because such an obligation falls on the purchasers of the coffee. In accordance with the law, the taxpayer is, in the

214

first place, the purchaser of the coffee, that is, one who acquires it directly from the farmer; or, in the second place, the farmer in case he himself exports or processes the coffee; or, in the third place, any natural or artificial person who, at the time the Act went into effect, kept on hand coffee on which no tax had been previously paid.

· ■ If we assume that the plaintiff has the status of a taxpayer, the action for a declaratory judgment does not lie, in accordance with the decision of this Court in *Power Electric Co.* v. *Buscaglia, Treas.*, 63 P.R.R. 945. In said case we held that the remedy provided by law in the Tax Court was adequate and that "taxpayer should not ordinarily be permitted to by-pass that court by utilizing the device of petitioning for a declaratory judgment in the district court."

■ If we admit that, as alleged in the complaint, the plaintiff cooperative does not have the status of a taxpayer, since it was not the purchaser of the coffee, the remedy of injunction would lie if the complaint contained the necessary allegations to justify the application of that extraordinary remedy. In *Fernández* v. *Buscaglia, Treas.*, 60 P.R.R. 582, we held, to quote from the syllabus, that "it is not sufficient merely to state in the petition the conclusion that the enforcement of the tax will result in irreparable injury, Specific facts must be alleged from which the court can reasonably find that irreparable damages can be prevented only by injunctive relief." The complaint in this case does not comply with those requirements. The allegation that the Treasurer threatens to effect the collection of the tax through an attachment proceeding, is not in itself sufficient to make out a case of irreparable injury. We so held in *Fernández* v. *Buscaglia, supra.*

The judgment appealed from should be affirmed.

Mr. Justice De Jesús did not participate herein.